## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

KAYNOR STEPHEN MURITOK,
*aka* **Kaylor Muritok**
DOB: 02/20/1998 or 02/20/1997
or 08/09/1997

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CRIMINAL CASE NO. CF0146-25**
GPD Report No. 25-05019/25-05021

**DECISION & ORDER
RE. DEFENDANT KAYNOR
MURITOK'S MOTION IN *LIMINE* TO
EXCLUDE ALL TESTIMONY BY
PROSECUTION EXPERTS**

This matter came before the Honorable Alberto E. Tolentino on August 19, 2025, for a Motion Hearing. Defendant Kaynor Stephen Muritok ("Defendant") was present with counsel Attorney Heather Quitugua. Assistant Attorney General Samuel Alexander was present for the People of Guam ("People"). At the Motion Hearing, the court addressed several pre-trial motions filed by the Defendant, namely a Motion in *Limine* to Exclude All Testimony by Prosecution Experts. Following the hearing, the court took this motion under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.1(e)(6)(A) and CR1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **DENYING** Defendant Kaynor Muritok's Motion in *Limine* to Exclude All Testimony by Prosecution Experts.

\\

\\

## BACKGROUND

On March 7, 2025, Defendant Kaynor Muritok was charged with CRIMINAL MISCHIEF (As a 3rd Degree Felony) and ASSAULT (As a Misdemeanor). *See* Indictment (Mar. 7, 2025). Although the People of Guam subsequently filed a Superseding Indictment on May 6, 2025, the Defendant was charged with the same offenses as the original Indictment. *See* Superseding Indictment (May 6, 2025).

Prior to this, the Defendant filed the following motions on May 1, 2025: (1) Defendant Kaynor Muritok's Motion in *Limine* Requiring Prosecution to Disclose all Agreements with Witnesses; (2) Defendant Kaynor Muritok's Motion in *Limine* to Exclude Mug Shots; (3) Defendant Kaynor Muritok's Motion in *Limine* to Exclude All Testimony by Prosecution Experts ("Motion in *Limine*"); (4) Defendant Kaynor Muritok's Motion in *Limine* to Exclude Other Acts Evidence; and (5) Defendant Kaynor Muritok's Motion in *Limine* to Exclude Hearsay. On May 12, 2025, the Defendant also filed a Motion to Suppress Evidence.

As to the Defendant's pre-trial motions above, the People filed the following responses on May 13, 2025: (1) People's Opposition to Defendant Kaynor Muritok's Motion to Exclude Mug Shots; (2) People's Non-Opposition to Defendant Kaynor Muritok's Motion to Disclose all Agreements with Witnesses; (3) People's Opposition to Defendant Kaynor Muritok's Motion to Exclude Other Acts Evidence; (4) People's Opposition to Defendant Kaynor Muritok's Motion to Exclude Hearsay; (5) People's Opposition to Defendant Kaynor Muritok's Motion to Exclude All Testimony by Prosecution Experts ("Opposition"); and (6) People's Opposition to Defendant Kaynor Muritok's Motion to Suppress Evidence. On June 2, 2025, the Defendant subsequently filed his Reply to the People's Opposition to Defendant Kaynor Muritok's Motion to Suppress

Evidence. In turn, the People filed a Motion for Leave of Court to file a Surreply to the Defendant's Reply on June 3, 2025.

At the Motion Hearing on August 19, 2025, the court addressed all the Defendant's pre-trial motions. After hearing arguments from both parties, the court ruled on the bench, granting Defendant Kaynor Muritok's Motion in *Limine* Requiring Prosecution to Disclose all Agreements with Witnesses and denying Defendant Kaynor Muritok's Motion in *Limine* to Exclude Hearsay. *See* Mot. Hr'g Mins. at 11:10:44AM – 12:36:09PM (Aug. 19, 2025). As to the Motion in *Limine*, the court took the matter under advisement. *Id.* at 11:11:53 – 22:20AM.

## DISCUSSION

The Defendant seeks to exclude "testimony from any prosecution expert including testimony by any law enforcement officers whom the government otherwise would designate as fact witnesses and also would intend to qualify as an expert at trial." Mot. *Limine* Expert (May 1, 2025). Although the People did not file notice as to any expert testimony intended to be presented at trial, the People opposed the Motion in *Limine* indicating how it is "common and routine for law enforcement officers to testify based on their training and experience." Opp'n Expert (May 13, 2025). Notably, the People listed the names of some law enforcement officers in its Witness List without any expert designation; some of which the Defendant listed as his witnesses. *See* Ppl.'s Witness List (Oct. 25, 2024); *see also* Def.'s Witness List (Nov. 12, 2024).

Guam Rules of Evidence ("GRE") 701 and 702 guide Guam's courts on the admissibility of lay opinion and expert opinion testimony. These rules read as follows:

> **Rule 701.** Opinions Testimony by Lay Witnesses. If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

**Rule 702.** Testimony by Experts. If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Guam R. Evid. 701; Guam R. Evid. 702. Generally, law enforcement officers like Guam Police Department Officers do not qualify as experts, because they do not meet the following standards of expert qualification: (1) whether the proposed expert's methods can and have been tested; (2) whether their methods were subject to peer review; (3) whether their technique's rate of error and maintenance of standards have been determined; and (4) whether their methods have gained general acceptance in their field of expertise. *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579 (1993).

However, the Guam Supreme Court has recognized that a police officer who performed field tests could be sufficiently reliable under *Daubert* where a criminalist previously testified on the scientific basis for that field test the officer conducted. *See People v. Mateo*, 2017 Guam 22 ¶ 31; *see also People v. Caso*, 2022 Guam 6 ¶ 27. The Guam Supreme Court has also recognized that a police officer with fourteen years of experience, approximately 150 sexual assault case investigations, and sixty to seventy victim-interviews was "clearly beyond that of ordinary lay persons;" holding that it was proper expert testimony. *People v. Roten* 2012 Guam 3 ¶ 27.

Courts have found police officer testimony as lay opinion when their testimony was limited to their personal observations; and prohibited when it referenced specialized knowledge gained through training. *See United States v. Horn*, 185 F. Supp. 2d 530, 560 (D. Md. 2002). In making the distinction between lay and expert opinion, the Maryland court held the following:

> A police officer certainly may testify about his or her observations of a defendant's appearance, coordination, mood, ability to follow instructions, balance, the

presence of the smell of an alcoholic beverage, as well as the presence of exaggerated HGN, and the observations of the defendant's performance of the SFSTs—consistent with the limitations discussed above. The officer should not, however, be permitted to interject technical or specialized comments to embellish the opinion based on any special training or experience he or she has in investigating DWI/DUI cases. Just where the line should be drawn must be left to the discretion of the trial judge, but the officer's testimony under Rule 701 must not be allowed to creep from that of a layperson to that of an expert—and the line of demarcation is crossed if the opinion ceases to be based on observation and becomes one founded on scientific, specialized or technological knowledge.

*Id.* In this case, there are no field tests of any controlled substances, sexual assault investigation, or DWI sobriety tests. At this point, the Defendant is speculating on what the People will do with the law enforcements at trial: introducing them as fact witnesses just to qualify them as an expert or providing improper expert opinion.

With the People's assurance that it does not intend to call law enforcement officers to provide expert testimony and the lack of notice regarding expert testimony, the court denies the Defendant's Motion in *Limine* as it does not pose an issue at this time. Despite the denial of the Motion in *Limine*, the court notes that all witness testimony to be introduced at trial remains subject to GRE 701 as admissible lay opinion.

\\

\\

\\

\\

\\

\\

\\

\\

\\

## CONCLUSION

For reasons set forth above, the court hereby **DENIES** Defendant Kaynor Muritok's Motion in *Limine* to Exclude All Testimony by Prosecution Experts.

**SO ORDERED** this _____ OCT 2 8 2025 _____ .



_____

**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**

· acknowledge that an electronic
Copy of the original was e mailed to

*AG, Heather Quitugua*

Date *10/28/25* Time. *4:33pm*

*Albert Culero*

Deputy clerk , Superior Court of Guam